UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DOMINO'S PIZZA FRANCHISING, LLC, a Delaware limited liability company, and DOMINO'S PIZZA MASTER ISSUER, LLC, a Delaware limited liability company,<br><br>              Plaintiffs,<br><br>   vs.<br><br>CALVIN YEAGER, an individual; VALLEY PIZZA, INC., a Nevada corporation; and LAKESIDE PIZZA, INC., a California corporation,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO:  2:09-CV-14704<br><br>**TEMPORARY RESTRAINING ORDER** |

_____

Plaintiffs Domino's Pizza Franchising, LLC and Domino's Pizza Master Issuer, LLC (jointly, "Domino's") have applied to this Court under Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order and preliminary injunction prohibiting Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their agents, servants, employees, and attorneys, and those persons and entities in active concert or participation or privity with any of them, from using, advertising or displaying any of the trademarks, service marks or copyrighted materials belonging to Domino's; as well as enforcing certain post-termination contractual requirements.  The application is based upon Plaintiffs' Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction, and the Affidavits of Joseph P. Devereaux

1

and Timothy Erb, which attached various exhibits supporting the motion. The motion and supporting papers were served upon the Defendants. The Defendants have not answered or opposed the Complaint in this action, which was filed on December 2, 2009, and they have not appeared or submitted any response to the pending motion.

Having reviewed the motion, briefing, and evidence submitted by Domino's, including photographs and other exhibits attached to the affidavits, the Court is satisfied that the standard for the issuance of a temporary restraining order has been met by Domino's. Domino's is likely to succeed on the merits of its claims under trademark law and the franchise contracts in place between the parties. Irreparable harm is occurring and will continue to occur not only to Domino's but to the consuming public and to legitimate franchisees of Domino's in the area of the Defendants' operations. The balance of harms favors Domino's, as any harm to the Defendants would be self-imposed. The public interest also favors the motion to avoid confusion and to uphold federal trademark rights and the enforcement of contracts.

Accordingly, the Court GRANTS the motion and orders the following, effective on Domino's providing proof that it has obtained a bond in the amount of $50,000:

1.      Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from using, advertising or displaying any of Domino's trademarks, service marks or copyrighted materials;

2.      Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their agents, servants, and employees, and those persons and entities in active concert or

participation or privity with any of them, are prohibited from violating and are specifically required to honor all post-term obligations contained in the Franchise Agreements, more specifically, to return the Operations Manual and Customer Lists to Domino's, to transfer the telephone numbers to Domino's, and otherwise to make the Stores accessible and available to Domino's or its designee to operate;

3. Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from violating and are specifically required to honor the post-term obligation contained in the Franchise Agreements requiring the Defendants to stop operating their pizza carry-out and delivery businesses in Gardnerville, Nevada or from operating such a business within ten miles of that former franchise, for one year;

4. The motion for a preliminary injunction shall be set on for a hearing on January 14, 2010 AT 10:30 A.M., 526 Water Street, Port Huron, Michigan 48060, and

5. Domino's is awarded its costs, disbursements, and attorneys' fees incurred in bringing its motion, as allowed by Section 22.2 of the Franchise Agreements and the Lanham Act.

IT IS SO ORDERED.

Dated: December 22, 2009.

s/Lawrence P. Zatkoff
United States District Judge