## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DOMINO'S PIZZA FRANCHISING, LLC., and
DOMINO'S PIZZA MASTER ISSUER, LLC.,

Plaintiffs,                                                  Case No. 09-14704
                                                             Hon. Lawrence P. Zatkoff

vs.

CALVIN YEAGER,
VALLEY PIZZA, INC., and
LAKESIDE PIZZA, INC.,

Defendants.
_____/

### OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of
Port Huron, State of Michigan, on January 25, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Plaintiffs' motion for temporary restraining order and

preliminary injunction [dkt 4].  On December 22, 2009, the Court granted Plaintiffs' motion for a

temporary restraining order and scheduled a hearing on the motion for preliminary injunction for

Thursday, January 14, 2010, at 10:30 a.m.  On January 12, 2010, Defendants submitted a response

to Plaintiffs' motion in the form of a pleading.  On January 14, 2010, the Court heard oral argument

relating to Plaintiffs' motion.  Defendants did not attend the hearing.  After a thorough consideration

of the parties' respective briefs and papers, as well as Plaintiffs' arguments at the hearing, the Court

GRANTS Plaintiffs' motion for preliminary injunction for the reasons set forth below.

## II. BACKGROUND

Plaintiffs Domino's Pizza Franchising, LLC and its sister company, Domino's Pizza Master Issuer, LLC (collectively "Plaintiffs") are the franchisers of the well-known pizza delivery business bearing the DOMINO'S PIZZA® name.  Defendants Calvin Yeager, Valley Pizza, Inc. ("Valley"), a Nevada corporation, and Lakeside Pizza, Inc. ("Lakeside"), a California corporation, have until recently owned and operated franchises in the DOMINO'S PIZZA® system.[1]  Yeager is the President of both Valley and Lakeside.[2]

In 2007, Plaintiffs and Defendants entered into two Franchise Agreements for the Valley and Lakeside franchises.  Yeager also entered into a "Covenants of Owners" agreement for each Franchise Agreement, wherein Yeager agreed to make full and prompt performance of all the corporations' obligations to Plaintiffs under the Franchise Agreements.  Under the Franchise Agreements, Defendants agreed that, upon termination of the Franchise Agreements, they would:

1.    Immediately return all copies of the Operating Manual and all Customer Lists;

2.    Surrender all telephone numbers to Plaintiffs;

3.    Immediately pay all royalty fees, advertising contributions and other charges which are due and owing;

---

[1]  Hereinafter, Valley, Lakeside, and Mr. Yeager are collectively referred to as "Defendants."

[2]  This Court has personal jurisdiction over Defendants based on their presence in and contacts with the State of Michigan, including the entrance of their Franchise Agreements in Michigan, their application to Domino's in Michigan to become Domino's Pizza franchisees, their submission of payments to Domino's in Michigan, their communications with Domino's in Michigan, their use of the Domino's PULSE computer system and its servers in Michigan, their interaction with Domino's personnel in Michigan, their attendance of training at the Michigan headquarters of Domino's, and their receipt of benefits such as advertising, products, and system development, all emanating from Michigan.  Subject matter jurisdiction exists based on diversity of citizenship and federal claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

4.      Make the Stores accessible and available to Plaintiffs; and

5.      Not directly or indirectly own, engage in, be employed by, advise, assist, invest in, franchise, make loans to, or have any other interest, whether financial or otherwise, in any other carry-out pizza delivery store business located at the premises store or within ten miles of the premises store.

Based on defaults under the Franchise Agreements, Plaintiffs terminated Defendants' Franchise Agreements on November 13, 2009. Plaintiffs allege that Defendants have breached their post-termination obligations by:

1.      Continuing to operate a carry-out pizza delivery store business using Plaintiffs' trademarks, service marks and copyrighted materials;

2.      Failing to return Plaintiffs' confidential Operating Manual and Customer Lists;

3.      Failing to transfer the telephone numbers associated with Valley and Lakeside to Plaintiffs;

4.      Failing to make Valley and Lakeside accessible and available to Plaintiffs; and

5.      Failing to refrain from operating a carry-out pizza delivery store within ten miles of the former franchises for one year by operating another business in Incline Village, California, under the name "Domino's Pizza" without Plaintiffs' permission.

Defendants contend that they:

1.      Ceased doing business as "DOMINO'S PIZZA®" on November 16, 2009;

2.      Sold the Valley and Lakeside stores to third parties, who took over the leases and telephone numbers;

3.      Cancelled the telephone directory listing of "Domino's Pizza" for the Valley and Lakeside telephone numbers; and

4.      Returned the Operating Manual.

Plaintiffs request that the Court grant its motion for preliminary injunction and order the following relief:

1.      Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their

3

agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from using, advertising or displaying any of Domino's trademarks, service marks or copyrighted materials;

2.    Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from violating and are specifically required to honor all post-term obligations contained in the Franchise Agreements, more specifically, to return the Operations Manual and Customer Lists to Domino's, to transfer the telephone numbers to Domino's, and otherwise to make the Stores accessible and available to Domino's or its designee to operate;

3.    Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from violating and are specifically required to honor the post-term obligation contained in the Franchise Agreements requiring the Defendants to stop operating their pizza carry-out and delivery businesses in Gardnerville, Nevada or from operating such a business within ten miles of that former franchise, for one year; and

4.    Plaintiffs are awarded their costs, disbursements, and attorney fees incurred in bringing their motion, as allowed by Section 22 of the Franchise Agreements and the Lanham Act.  Domino's shall submit proof to this Court of the amount incurred in conjunction with seeking temporary and preliminary relief in this Court.

## III.  LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled

to preliminary injunctive relief:

1.    Whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

2.    Whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

3.    Whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

4.    Whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995);

4

*UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).  The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

## IV.  ANALYSIS

### A.  LIKELIHOOD OF SUCCESS ON THE MERITS

#### 1.  Trademark Claims under the Trademark Act of 1946 (the "Lanham Act"*)*

Plaintiffs allege that Defendants' unauthorized use of their trademarks, service marks or copyrighted materials violates the Lanham Act, 15 U.S.C. § 1051 *et seq*.  To prevail on their trademark infringement claims, Plaintiffs need only prove that their marks are valid, that Defendants are using their marks without authorization, and that the use of Plaintiffs' marks by Defendants is likely to cause confusion.  *Pita Delight, Inc. v. Salami*, 24 F. Supp. 2d 795, 799 (E.D. Mich. 1998). *See also Little Caesar Enterprises, Inc. v. R-J-L Foods, Inc.*, 796 F. Supp. 1026, 1030 (E.D. Mich. 1992) ("The case law is clear that the unauthorized use of a registered trademark is a violation of the federal trademark statutes.").

Plaintiffs have demonstrated a strong likelihood of success on the merits of their trademark infringement claims.  There is no dispute that the DOMINO'S PIZZA® trademarks and service marks belong to Plaintiffs and are valid.  On November 13, 2009, Plaintiffs terminated Defendants' rights to use the DOMINO'S PIZZA® trademarks and service marks.  By sworn affidavit, Plaintiffs contend that Defendants' stores have continued to make use of Plaintiffs' marks after the Franchise

5

Agreements were terminated by Plaintiffs.  Plaintiffs have also produced pictures showing Defendants' continued display of uniforms, menu boards, equipment, and other items bearing their registered trademarks.  By continuing to display the DOMINO'S PIZZA® trademarks and service marks, Defendants are likely to cause confusion among the consumer public.  *See U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1190 (6th Cir. 1997) ("We . . . hold that proof of continued, unauthorized use of an original trademark by one whose license to use the trademark had been terminated is sufficient to establish 'likelihood of confusion.'").  Therefore, Plaintiffs have demonstrated a strong likelihood of success on the merits of their trademark infringement claim against Defendants.

### 2.    Enforcement of Post-Termination Contractual Provisions

Plaintiffs' requested relief seeks to enforce the post-termination obligations that Defendants agreed to abide by in the Franchise Agreements.  Defendants do not dispute that they are contractually obligated to (1) cease from displaying any of Plaintiffs' trademarks, service marks or copyrighted materials, (2) return the Operating Manual and Customer Lists, (3) surrender their telephone numbers, and (4) make the Valley and Lakeside premises available to Plaintiffs.  However, Defendants argue that the covenant not to compete is unenforceable.  Defendants claim that they were not aware of this clause then they entered into the Franchise Agreements and that enforcing the covenant would be unfair and unconscionable.  Plaintiffs only seek to enforce the covenant not to compete against the Nevada store.

Under Nevada law[3], contractual promises not to compete after termination of a franchise are

---

[3]  Pursuant to a choice of law clause contained in the Franchise Agreements, the validity of the covenant not to compete as it relates to the Nevada store is governed by the laws of Nevada.

6

enforceable.  *See Sheehan & Sheehan v. Nelson Malley & Co.*, 117 P.3d 219, 224-25 (Nev. 2005) ("We construe covenants not to compete according to their plain language, and such covenants are enforceable only if they are reasonable under the circumstances."); *Jeter v. Deeter*, 913 P.2d 1272, 1275 (Nev. 1996) ("The amount of time the covenant lasts, the territory it covers, and the hardship imposed upon the person restricted are factors for the court to consider in determining whether such a covenant is reasonable.").

Plaintiffs are likely to succeed in demonstrating that the covenant not to compete is reasonable under the circumstances.  The covenant is likely reasonable in time, as it only lasts for a period of one year.  The covenant is likely reasonable in territory, as it only covers a ten-mile radius.  The hardship imposed on Defendants is also minimal.  Defendants are free to use their general knowledge and skill to open a new pizza delivery store eleven miles away from the Valley store.  Therefore, Plaintiffs have a strong likelihood of success on the merits of their breach of contract claims.

## B.    IRREPARABLE HARM

Plaintiffs have a strong claim that Defendants' continued display of the DOMINO'S PIZZA® trademarks and service marks will result in irreparable harm.  *See Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1556 (Fed. Cir. 1994) (holding that when a movant establishes a strong likelihood of success on the merits, there is a presumption of irreparable harm).   There exists a strong potential for loss of goodwill on Plaintiffs' behalf, which cannot be easily measured. Defendants' use of the DOMINO'S PIZZA® trademarks and service marks will likely induce customers to patronize their stores.  A customer who is dissatisfied with the quality of the products provided by Defendants will wrongfully attribute that negative experience to the entire DOMINO'S

PIZZA® franchise system, irreparably harming Plaintiffs' reputation and the goodwill associated with their marks.

C.      **SUBSTANTIAL HARM TO THIRD PARTIES**

Plaintiffs have a strong claim that granting the preliminary injunction will not cause substantial harm to others. Defendants will merely be prohibited from continuing to use the DOMINO'S PIZZA® trademarks and service marks and forced to abide by the post-termination obligations contained in the Franchise Agreements.

D.      **PUBLIC INTEREST**

Plaintiffs have a strong claim that the public interest would be served by issuance of the preliminary injunction. The public has a strong interest in the enforcement of the nation's trademark laws. The public also has a valid interest in remaining free from confusion about the source of products it purchases. *See Little Caesar*, 796, F. Supp. at 1036 ("[T]he public interest is especially served by issuing a preliminary injunction against a former franchisee as the licensee's status increases the probability of consumer confusion.").

## V.  CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' motion for a preliminary injunction in GRANTED.

IT IS FURTHER ORDERED that Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from using, advertising or displaying any of Domino's trademarks, service marks or copyrighted materials.

IT IS FURTHER ORDERED that Defendants Calvin Yeager, Valley Pizza, Inc., and

8

Lakeside Pizza, Inc, and their agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from violating and are specifically required to honor all post-term obligations contained in the Franchise Agreements, more specifically, to return the Operations Manual and Customer Lists to Domino's, to transfer the telephone numbers to Domino's, and otherwise to make the Stores accessible and available to Domino's or its designee to operate.

IT IS FURTHER ORDERED that Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc, and their agents, servants, and employees, and those persons and entities in active concert or participation or privity with any of them, are prohibited from violating and are specifically required to honor the post-term obligation contained in the Franchise Agreements requiring the Defendants to stop operating their pizza carry-out and delivery businesses in Gardnerville, Nevada, or from operating such a business within ten miles of that former franchise, for one year.

IT IS FURTHER ORDERED that Plaintiffs are awarded their costs, disbursements, and attorney fees incurred in bringing their motion, as allowed by Section 22 of the Franchise Agreements and the Lanham Act.  Domino's shall submit proof to this Court of the amount incurred in conjunction with seeking temporary and preliminary relief in this Court.

9

IT IS SO ORDERED.


S/Lawrence P. Zatkoff                          
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 25, 2010.


S/Marie E. Verlinde                          
Case Manager
(810) 984-3290

10