UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DOMINO'S PIZZA FRANCHISING LLC, a Delaware limited liability company; and DOMINO'S PIZZA MASTER ISSUER LLC, a Delaware limited liability company, | ) ) ) ) ) ) | Case No: 2:09-CV-14704 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT** |
| CALVIN YEAGER, an individual; VALLEY PIZZA, INC., a Nevada corporation; and LAKESIDE PIZZA, INC., a California corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Domino's Pizza Franchising, LLC and Domino's Pizza Master Issuer, LLC (collectively "Domino's"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, move this Court for an order entering a final judgment by default of Defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc. (collectively, "Defendants").

By Order of the Court dated February 23, 2010, the Defendants are in default under Rule 55(a) of the Federal Rules of Civil Procedure. This motion requests that the Court order the entrance of a final judgment in the total amount of $768,676.93, as set forth in the Complaint in this action, as supported in the accompanying Affidavit of

Joseph P. Devereaux and counsel's Affidavit in Support of Application for Attorneys' Fees and Costs, and upon all of the files, records, and proceedings herein.

Dated: February 26, 2010.

                        s/Quentin R. Wittrock
Quentin R. Wittrock
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 632-3382
quentin.wittrock@gpmlaw.com
179061

**ATTORNEYS FOR PLAINTIFFS DOMINO'S PIZZA FRANCHISING LLC AND DOMINO'S PIZZA MASTER ISSUER LLC**

GP:2727924 v1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DOMINO'S PIZZA FRANCHISING LLC, a Delaware limited liability company; and DOMINO'S PIZZA MASTER ISSUER LLC, a Delaware limited liability company, | ) ) ) ) ) ) | Case No: 2:09-CV-14704 |
| Plaintiffs, | ) ) | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT** |
| vs. | ) ) | |
| CALVIN YEAGER, an individual; VALLEY PIZZA, INC., a Nevada corporation; and LAKESIDE PIZZA, INC., a California corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiffs Domino's Pizza Franchising, LLC and Domino's Pizza Master Issuer, LLC (collectively "Domino's"), submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 55(b)(2) for an order entering a final judgment against defendants Calvin Yeager, Valley Pizza, Inc., and Lakeside Pizza, Inc. (collectively, "Defendants"). The requested judgment has four parts, three of which are ordinary, self-explanatory, fully supported by the accompanying affidavits, and need not be addressed further: (1) the request for attorneys' fees and legal expenses pursuant to the parties' contracts and by law, (2) the request for past-due amounts owed as claimed in the Complaint and supported by the Affidavit of Joseph P. Devereaux, and (3) the request to make this Court's prior injunctive relief orders permanent.

The one topic this brief will explain more fully is the fourth component of the requested final judgment. As stated in Count II of the Complaint, Domino's seeks to recover the future damages it suffered as a result of the defendants' breaches of contract. Paragraphs 4 and 29-39 of the Complaint detail how, beginning in 2008, defendants Valley and Lakeside breached their commitments in the 10-year Franchise Agreements for both the Gardnerville Store and the South Lake Tahoe Store. Those defaults and breaches, including both financial and other types, continued into November of 2009. Based on the Defendants' defaults, the Franchise Agreements had to be terminated by Domino's effective on or about November 13, 2009, which was only two years after the agreements were signed. Due to the breaches and termination when there were eight years remaining on those contracts, Domino's has lost the royalties and advertising payments it would have received during the expected duration of the relationship between the parties. As set forth in the Complaint and as supported by the calculation attached to the accompanying affidavit of Mr. Devereaux, the present value of the amount owed to Domino's for these lost payments it would have received under the 10-year contracts is $674,190.67. (Devereaux Aff. ¶ 5; *see also* Docket #5, which is the prior Devereaux affidavit filed December 17, 2009, at ¶¶ 11-17 (supporting the underlying facts of breach).)

There is a strong and growing body of franchise law supporting franchisors in claims for the future amounts lost in early-termination situations like the present case. *See, e.g., Radisson* and the Potential Demise of the *Sealy-Barnes-Hinton* Rule, 27 Fran. Law J. 3 (Summer 2007) (describing growth of recognition of lost future damages claims

by franchisors). This case referenced in the title of the *Franchise Law Journal* article cited above is *Radisson Hotels International, Inc. v. Majestic Towers, Inc.*, 488 F. Supp. 2d 953 (C.D. Cal. 2007), which, like the present situation, involved a franchise located in California. Applying California law (which also applies to the franchise agreement of defendant Lakeside Pizza, Inc.), the California federal court awarded around $1 million to the franchisor in future damages. Franchisors have prevailed in similar cases in Michigan, the Sixth Circuit, and elsewhere. *See American Speedy Printing Centers, Inc. v. AM Marketing, Inc.*, 69 Fed. Appx. 692, Bus. Fran. Guide (CCH) ¶ 12,616 (6th Cir. 2003)(applying Michigan law to award lost future royalties to franchisor); *McAlpine v. AAMCO Transmission, Inc.*, 461 F. Supp. 1232 (E.D. Mich. 1978)(same).

Dated: February 26, 2010.

        s/Quentin R. Wittrock
Quentin R. Wittrock
Gray, Plant, Mooty, Mooty & Bennett, P.A.
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
(612) 632-3382
quentin.wittrock@gpmlaw.com
179061

**ATTORNEYS FOR PLAINTIFFS DOMINO'S PIZZA FRANCHISING LLC AND DOMINO'S PIZZA MASTER ISSUER LLC**

GP:2736641 v1

3